McNall *v.* McClure.

---

STEPHEN McNALL, Appellant, *v.* DAVID McCLURE, Respondent.

(GENERAL TERM, EIGHTH DISTRICT, MAY, 1869.)

On the trial of an action before a justice of the peace, for trespass by defendant's cattle, triers were appointed, and a juror was, on their decision, excused for favor; the defendant then asked that all the jurors summoned might be tried by triers. The justice examined them separately, under oath, and they testified that they believed the law in relation to cattle running on the highway to be a good law. No other objection to their competency appearing,—*Held*, the justice properly refused to submit the testimony of the jurors to triers.

'The case of *Smith* v. *Floyd* (18 Barb., 522) distinguished.

Proceedings in Justices' Courts are to be liberally reviewed, and the judgments therein will be sustained unless manifestly erroneous.

McNall v. McClure.

APPEAL from judgment of Cattaraugus County Court, reversing the judgment of the Justice's Court. The action was for trespass by defendant's cattle upon the plaintiff's premises. Issue was joined, by answer denying complaint and averring the vote of the town that cattle may run in the highway, etc., and on the day of trial a venire was issued at the instance of the defendant. The name of one Graves was the first drawn as a juror, and the defendant asked him if he had heard the suit talked about, and he said he had somewhat, though not much; that he had expressed an opinion that defendant's cattle ought not to run in the highway. Thereupon two jurors, to whom no objection was made, were sworn as triers to decide as to the competency of Graves. They heard the evidence and decided that he was not competent, and he was told by the court that he was excused. The defendant then asked to have all the jurymen tried by triers. The court swore each and every one of them separately; asked if they had heard the matter talked of. They all said they knew nothing about the suit, but believed the law in relation to cattle running at large in the highway to be a good one. The defendant insisted that inasmuch as they believed the law to be a good one, they were incompetent jurymen. The court held that the question of the validity or justice of the law was not a matter for the triers to decide upon, and that that being the only question raised by the defendant, they were competent, and the triers were accordingly discharged, the defendant objecting thereto. A jury was impanneled and sworn, and the cause was tried, and there was a verdict for the plaintiff, etc., etc.

*S. S. Spring*, for plaintiff.

*David McClure*, for defendant.

Present—MARVIN, LAMONT, and BARKER, JJ.

By the court—MARVIN, P. J. I think the County Court ought not to have reversed the judgment. What is the ques-

tion presented ?  The defendant asked to have all the jury-
men drawn tried by triers.  The justice understood this as a
challenge to the favor, and I shall so regard it.  Two of the
jurors summoned had been appointed triers, and had passed
upon one case of challenge to the favor.  When the defend-
ant made the request that all the jurors drawn be tried by
triers, the justice swore each and every one of them, and
asked them separately if they had heard the matter talked
of.  They all said they knew nothing about the suit, but
believed the law in relation to cattle running at large in the
highway a good one.  The defendant held (i. e. claimed) that
inasmuch as they believed the law to be a good one they
were incompetent jurymen.  It does not appear whether the
defendant claimed this as matter of law for the justice so to
instruct the triers, or that it raised a question of fact for the
jury upon the issue of bias.  It certainly will bear the former
construction.  The court held that the question of the validity
or justice of the law was not a matter for the triers to decide
upon, and in this the justice was undoubtedly correct.  It
does not appear from the return that the defendant requested
the justice to submit the evidence to the triers, but as it
appears that the "triers were discharged under the objection
of the defendant," I will give the defendant the benefit of
the assumption that he did request a submission to the triers.
But what evidence did he desire to have submitted ?  Simply
that the proposed jurors had, as witnesses, stated that they
believed the law in relation to cattle running at large in the
highway to be a good one.  Was this proper evidence to be
submitted to the triers upon the issue whether the juror so
believing was indifferent between the parties ?  Such opinion
had no tendency to prove or disprove the issue.  The return
shows that this was the only question raised by the defendant.
The justice understood that there was no evidence for the
triers, upon the issue they were sworn to pass upon, and he
discharged them.

Suppose a challenge had been made in due form to one of
the persons summoned as a juror and the court had appointed

McNall *v*. McClure.

triers, and then the challenger had declined to produce any testimony, would it be error in the court to discharge the trier? Or, suppose the challenger had offered testimony which the court rejected, or, as in this case, some fact was stated which the court decided was not proper evidence upon the issue, there being no evidence upon the issue, would it be error to discharge the triers? Clearly not. There must be some evidence upon the issue. The counsel in this case have made up pretty full briefs and have stated the law touching challenges to the favor quite clearly, and have referred sufficiently to elementary law and some modern cases, and they do not differ essentially as to the law, but as to its application in this case.

It is agreed that the question for the triers is whether the party challenged is indifferent between the parties. Whether he is free from bias; and it is agreed that this issue admits of a very wide latitude of inquiry. Any fact having a tendency to prove bias may be proved, or from which the triers may infer bias. The court, however, is to decide touching the admission of proposed evidence, subject of course to a review at the instance of the party conceiving himself aggrieved. In this case, the course of the justice was equivalent to a rejection of the opinion of the juror as evidence, that a certain law was a good one.

The law is very well stated, and many of the cases referred to in Wait's Law and Pr., v. 2, p. 610, *et seq*. *Smith* v. *Floyd* (18 Barb. 522) is cited by the counsel of both parties in this case, probably from the supposed similarity of the case. The defendant had plead a custom for the inhabitants to depasture certain lands. The challenge was made upon the ground that the juror had formed an opinion as to the custom; but it did not appear whether as to the existence of the custom or as to its legal effect as a defense to the action. The juror stated, as a witness, that he had formed an opinion against the custom. The court was requested to charge the triers that the testimony showed that the juror challenged was not indifferent. Refusal and exception. This exception was

overruled, and it was held that an opinion adverse to the custom upon which the defendant relied for his defense raised a question for the triers, whether he was indifferent. The distinction between the cases is very clear. In that case, if the proposed juror was of the opinion that the custom did not exist, or that it was invalid, such opinion may have greatly prejudiced the defendant in his defense. In this case the challenged persons simply express an opinion upon a valid law enacted by the legislature, viz., that it is a good law.

In the case we are considering the proceedings before the justice do not appear to have been very formal. Triers had been appointed in one case, and that had been disposed of; and the defendant, who tried his own cause, then asked to have the jurors drawn tried by triers, and the court then swore each and every one of them, and asked a question or questions calculated to elicit the fact whether they had formed an opinion upon the case. Upon this question their answers must have been entirely satisfactory to the defendant. But, as they expressed the opinion that a certain law was a good law, the defendant insisted that was a disqualification. The justice thought otherwise, and that it raised no question for the jury; and as this was the only question raised by the defendant, the justice discharged the triers and proceeded to empanel the jury. The whole proceeding was quite informal. We review the proceedings in Justices' Courts liberally, and the judgments rendered in these courts should not be reversed unless manifest error is made to appear. I think the County Court erred in reversing the judgment, and its judgment should be reversed and the judgment of the Justice's Court affirmed.